Parker *v.* Railroad Company.

GEORGE T. PARKER *v.* EAST TENNESSEE, VIRGINIA & GEORGIA RAILROAD COMPANY *et al.*

RAILROAD. *Damages for land taken.* The statutory remedy provided by section 1347 of Code, is not exclusive, and the land-owner is not bound to exhaust that remedy before resorting to a court of equity.

FROM BRADLEY.

Appeal from the Chancery Court at Cleveland. W. M. BRADFORD, Ch.

LEWIS SHEPHERD for complainant.

COOKE & SON for defendants.

FREEMAN, J., delivered the opinion of the court.

This bill is filed to enjoin defendant, the railroad company, from occupying, holding, and controlling a right of way for a branch road being constructed over complainant's land by said company, "until compensation is made both for the land occupied, as well as incidental damages have been paid or secured, and until appropriate steps are taken to condemn and appropriate said land in a lawful manner."

The chancellor overruled a demurrer, presenting numerous grounds of objection to the bill, from which he allowed an appeal to this court by the defendant. The Referees recommend the affirmance of this decree on several grounds stated in their report filed in the cause.

The respondent files a single exception, which is as follows: "Because the Referees do not report that the statutory remedy provided by section 1347 of the Code is exclusive, and that complainant was bound to exhaust that remedy before resorting to a court of equity." This is the only question before us for decision on the facts stated.

While it was held in the two cases in 2 Head, 171, and 3 Head, 600, that the general rule was, that where the statute granting the charter, gave a complete remedy to the landholder; yet in the case of *Duck River Valley Railroad Company* v. *Cochrane*, 3 Lea, 178, this court held that since the Code—that is, since 1858—the provisions from section 1325, *et seq.*, relied on by respondent in the exception the charter remedy was not exclusive, but an action on the facts of the case would lie in a court of law, and such action was sustained.

This being so, we hold on the facts charged in this bill, especially on demurrer, the remedy sought in a court of equity is not only appropriate, but the only one complete and adequate to redress the injury.

It is charged the East Tennessee, Virginia & Georgia Railroad Company had no authority under their charter to build the road, and this company, by its agents and its officers, had taken possession of the land and had done the incidental damages complained of. It is then charged that this company has assigned all its property to the Trust Company of New York, a defendant, to secure $22,000,000 loaned the company, and so a judgment at law would be worth-

less—the company being insolvent. It would be a useless expense and idle expenditure of money to litigate with the company under the statutory remedy on this state of the case.

Our bill of rights is imperative, section 21, "that no man's particular services shall be demanded or property taken, or applied to public use, without the consent of his representatives, or without just compensation being made therefor, and this compensation must be secured beyond all contingency": 7 Heis., 538, 541. That is, it must be secured to be paid, or else it cannot be said that "just compensation" has been made therefor. In fact, a strict construction of the language would require actual payment in cash before the taking. It is certain, however, this language cannot be complied with either in letter or spirit, where the land is entered upon and taken, and not only no compensation paid or secured, but the party required to engage in a fruitless litigation with an insolvent company, the result of which would be a judgment only, but no compensation whatever. This would be to take the citizen's land and impose the burden and expense of a law-suit only by way of compensation, and make the constitutional provision an illusion.

While in the case of *White* v. *Nashville & Northwestern Railroad Company*, 7 Heis., 528, there had been an assessment of damages by proceedings instituted by the land owner, there is nothing in that case contravening the view we have taken of this. The case was not decided on that fact, but on the general

ground, that the company could not be permitted to take and hold complainant's land without compensation as required by the Constitution. The principle of that case sustains the conclusion herein indicated.

The report of the Referees is approved and chancellor's decree affirmed with costs. The case will be remanded for an answer.